| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| PAUL BRADSHAW, § | |
| § | |
| Petitioner, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:18-CV-435 |
| § | |
| WARDEN, FCI BEAUMONT, § | |
| § | |
| Respondent. § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Paul Bradshaw, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

Petitioner's claims do not challenge the manner in which his sentence is being executed. Rather, they attack the legality of his sentence. A claim challenging the legality of a sentence

generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Circuit precedent holds that the savings clause of § 2255, which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the magistrate judge concluded, petitioner failed to meet the first prong of the *Reyes-Requena* test. Petitioner's claims do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Therefore, petitioner may not pursue claims concerning the validity of his sentence under § 2241.

## ORDER

Accordingly, petitioner's objections (#3) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#2) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Plano, Texas, this 5th day of November, 2018.

                                            MARCIA A. CRONE
                                    UNITED STATES DISTRICT JUDGE